Not for Publication

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KENNETH ZAHL, M.D., *individually and on assignment of his patients*,<br><br>         Plaintiff,<br>    v.<br><br>CIGNA CORPORATION;<br>JOHN AND JANE DOES 1-100, *Fictitious Persons or Entities, Jointly, Severally, and Alternatively*,<br><br>         Defendants. | Civ. Action No. 09-1527  (KSH)<br><br><br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

### I.  INTRODUCTION

This matter comes before the Court on the motion to dismiss [D.E. 14] filed by defendant Cigna Corporation ("Cigna") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") as to Counts One, Three, Four and Five of the amended complaint *pro se* plaintiff Kenneth Zahl filed in federal court. [D.E. 11.]  The crux of this lawsuit pertains to Zahl's contention that Cigna has not properly paid for services he rendered as a medical doctor to members of health care plans administered by Cigna or its affiliates.  Cigna submits that Counts One, Three and Four set forth, respectively, state law claims for breach of contract, misrepresentation, and unjust enrichment and are preempted by the federal Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101, *et seq*.  Additionally, Cigna contends that Count Five, in which Zahl seeks recovery for alleged breach of fiduciary duties under ERISA, is impermissibly pleaded as a re-characterization of a claim for benefits.

1

## II. BACKGROUND INFORMATION

### a. Factual Allegations

According to the amended complaint, Kenneth Zahl was a licensed physician in New York and New Jersey, specializing in chronic pain treatment. (Am. Compl. ¶ 1.) The complaint states that on May 11, 2006, Zahl's license to practice medicine and surgery in New Jersey was revoked because he was found to have engaged in dishonest or fraudulent practices by over-billing $1,949 to Medicare. (*Id.* ¶ 3.) On April 18, 2008, the relevant New York state authorities also revoked his medical license. (*Id.*)

According to Zahl, Cigna is one of the "big five" insurance carriers that provide health benefits to individuals throughout the United States. (*Id.* ¶ 6.) He claims that Cigna issued insurance policies, received payment of premiums, and agreed to cause coverage to be issued to some of his patients. (*Id.* ¶ 12.) He alleges that after he provided treatment to these patients in New Jersey and New York, they billed Cigna for the treatment and it, in turn, "either underpaid (by falsely and fraudulently using a deflated [Usable and Customary Rate]); or declined to pay for certain procedures, supplies or injectables." (*Id.* ¶ 13.) He brings this lawsuit as a third party beneficiary of his patients' insurance benefits, which he claims he was assigned prior to rendering medical care. (*Id.* ¶ 2.)

### b. Causes of Action

In Count One, Zahl pleads a state law cause of action for breach of contract, in which he seeks to recover the health care benefits that he alleges were wrongfully denied by Cigna and/or its affiliates. (*Id.* ¶ 20.) In Count Two, Zahl brings a cause of action under ERISA's § 502(a)(1), which provides a cause of action for a third party beneficiary seeking payment pursuant to patients' health plan benefits. (*Id.* ¶¶ 25-35.) In all, Zahl seeks $182,751.52 for his services

rendered, plus consequential and compensatory damages, interest fees and costs. (*Id.* ¶ 34.) Cigna does not move for dismissal of Count Two on this motion because it "arguably states a viable claim for benefits under ERISA." (Def.'s Br. 1.) In Count Three, Zahl brings a common law negligent misrepresentation claim, in which he alleges that Cigna promised to pay for his services and that he relied on those promises to his detriment. (Am. Compl. ¶ 36.) In Count Four, Zahl brings a claim for unjust enrichment against Cigna because, as he asserts, it benefitted from his rendering of services to his patients, and in Count Five, he alleges that Cigna breached the fiduciary duty it owed him under ERISA without specifying the ERISA provision he invokes.

### III.  DISCUSSION

Each of Zahl's five claims arises from his third party beneficiary interests, assigned to him by virtue of the medical services he provided to participants in employee benefit plans. (*See generally*, Am. Compl.) Congress enacted ERISA to "protect . . . the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements for employee benefit plans; and further to "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). It is settled in this District that Zahl, as an assignee of these rights, stands in the shoes of his patients and may sue on their behalf to collect unpaid benefits. *See Wayne Surgical Center LLC v. Concentra Preferred Sys., Inc.*, 2007 WL 2416428 (D.N.J. Aug. 20, 2007) (Ackerman, J.) (holding that as an assignee of medical benefits, a medical provider has standing to sue under § 502(a) of ERISA).

#### A.  State Law Claims under Counts One, Three, and Four

The purpose of ERISA is to provide a uniform regulatory scheme over legal issues relating to employee benefit plans. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983).

3

To this end, ERISA contains two statutory provisions that preempt state law causes of action:  § 502(a), codified as 29 U.S.C. § 1132(a), which sets forth a comprehensive civil enforcement scheme foreclosing any state law claim falling within its scope; and § 514(a), codified as 2 U.S.C. § 1444(a), which preempts "any and all state laws" that "relate to any employee benefit plan."  These provisions "are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'"  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (*quoting Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)).  The Supreme Court has broadly applied these provisions to preempt "the subject of every state law that 'relates to' an employee benefit governed by ERISA."  *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990) (internal quotation omitted).  A plaintiff may not assert a state law cause of action that "has a connection with or reference to such a plan." *Shaw*, 463 U.S. at 97.  *See also Illingsworth v. Nestle U.S.A.*, 926 F. Supp. 482, 492 (D.N.J. 1996) ("Because [plaintiff's] claim relates to an employee benefit plan, ERISA preempts New Jersey law, and any entitlement to relief is governed by federal law.").

Here, it is undisputed that each of Zahl's claims involves his rights as a beneficiary under his patients' health benefits.  (*See* Am. Compl. ¶ 11 ("Plaintiff Zahl is a third party beneficiary of the health care benefits issued by defendant CIGNA"); ¶ 9 ("Plaintiffs believe that a Federal Court has jurisdiction over this action under [ERISA]"); ¶ 12 ("Pursuant to these insurance policies, defendant Cigna received payment of premiums in [sic] and in consideration, therefore agreed to cause coverage to be issued to a patient of plaintiff. . .").)

In response to Cigna's motion for dismissal of his three state law claims, Zahl argues that the uncertainty of Cigna's role in the administration of the medical benefits at issue here makes it unclear whether his claims trigger ERISA preemption.  To this end, he argues that "at this stage

4

of the litigation, there is a possibility that if Cigna were solely the third party [administrator], that the employer itself might have privity with Zahl and would have to be joined under state law claims." (Pl.'s Br. 6.) Thus, he contends, during discovery "it will be known for sure whether the plans in question are governed or not under ERISA," behooving the Court to deny Cigna's motion to dismiss these claims so early in the litigation. (*Id.*)

ERISA covers two types of health benefit plans—pension plans, *see* 29 U.S.C. § 1002(2)(A), and welfare plans. *See* 29 U.S.C. § 1002(1). As one of ERISA's preemptive provisions states, "any and all state laws" that "relate to *any employee benefit plan*" are preempted. 2 U.S.C. § 1444(a) (emphasis added). Counts One (breach of contract), Three (misrepresentation), and Four (unjust enrichment) are state law causes of action involving Zahl's rights as a third party beneficiary of his patients' health care plan benefits. As such, the Court finds that irrespective of exactly what entity is the insurance company or underwriter, the insurance coverage alleged in the complaint relates to an "employee benefit." No amount of discovery can alter this fact. The state law claims fall under the umbrella of ERISA preemption, and Cigna's motion is granted as to Counts One, Three and Four.[1]

**B. Count Five – Claim for Breach of Fiduciary Duties under ERISA**

In Count Five, Zahl alleges that under ERISA Cigna breached the fiduciary duties it owed him as a third party beneficiary. (*See* Am. Compl. ¶¶ 33-34.) As he does in each of his other claims, he seeks damages. (*Id.* ¶ 35.) Cigna argues that this claim should be dismissed because "a claimant pressing a claim for plan benefits under Section 502(a)(1)," which Zahl does in Count Two, "cannot re-characterize that claim as one for breach of fiduciary duties under Section 502(a)(3)." (Def.'s Br. 12.)

---

[1] The Court notes that since 2007, Zahl has initiated 19 lawsuits in this District. Recently, Judge Hochberg granted Unitedhealth Group's motion to dismiss state law claims brought by Zahl because they were preempted by ERISA. *Zahl v. Unitedhealth Group Inc.*, Civ. No. 09-1321(Sept. 24, 2009).

5

In *D'Amico v. CBS Corporation*, 297 F.3d 287, 291 (3d Cir. 2002), pension plan participants sued their former employer under ERISA alleging that there had been an illegal partial termination of a plan that entitled all non-vested participants to become vested. In finding that a plaintiff who brings a claim for breach of fiduciary duties under ERISA must exhaust his administrative remedies, the Third Circuit held that claims for breach of fiduciary duties may be "synonymous with a claim to enforce the terms of a benefit plan," and are held to the same exhaustion requirements imposed on claims to enforce ERISA-regulated plans. *Id.* Similarly, in *Harrow v. Prudential Insurance Company of America*, 279 F.3d 244 (3d Cir. 2002), the Third Circuit held that "a claim for breach of fiduciary duty is actually a claim for benefits where the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA." 279 F.3d at 254 (internal quotations omitted).

Relying on these decisions, in *Morley v. Avaya, Inc. Long Term Disability Plan*, 2006 WL 2226336, at *23 (D.N.J. Aug. 3, 2006), Judge Cooper dismissed a claim by an employee who, in addition to her claims for damages, sought equitable relief under Section 502(a)(3) against the threat of future claim denials by her employer. Judge Cooper rejected plaintiff's argument that such a claim could be viable:

> [Section 502(a)(3)] provides that a civil action may be brought "by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter." Thus, the relief available under Section [502(a)(3)(B)] is limited to "appropriate equitable relief," of which "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"

(*Quoting* 29 U.S.C. 1132(a)(3) and *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (internal citations omitted)). Judge Cooper granted summary judgment on the claim because plaintiff did

6

not "claim[] any additional relief under her breach of fiduciary duty claim that she is not otherwise potentially entitled to if she prevails on her wrongful denial of benefits claim." *Id.* In response to the plaintiff's argument that because she sought equitable relief under Section 502(a)(3) and damages under 502(a)(1) the claims were not duplicative, Judge Cooper wrote that the equitable relief sought "does not constitute 'additional relief' otherwise not provided for in Section [502(a)(1)]. Instead, this type of relief is *specifically* provided for and contemplated by the language in Section [502(a)(1)]." *Id.* at *24 (emphasis in original).

Additionally, in *McCoy v. Bd. of Trustees of Laborers' Int'l Union Loc. No. 222*, 188 F.Supp.2d 461, 472, fn. 10 (D.N.J. 2002), the plaintiff prevailed on certain claims under ERISA, but Judge Orlofsky granted defendant's motion for summary judgment on the claim of breach of fiduciary duty, holding that the plaintiff could not receive anything under that claim that the court had not already awarded him under his claim for benefits. "Equitable relief for a breach of fiduciary duty claim is not appropriate in that circumstance." *Id.*

The amended complaint contains no indication that Zahl's claim of breach of fiduciary duties is distinct from his claim for benefits in Count Two, which asserts that as the assignee of unspecified patients, he did not receive all the benefits he was due under these patients' health benefit plans. Under this framework, an interpretation or application of ERISA would be unnecessary. *See Harrow*, 279 F.3d at 254 (where claim calls for interpretation and application of benefits plan, it is a claim for benefits, not breach of fiduciary duty). While § 502(a)(3) creates a cause of action for breach of fiduciary duties imposed by ERISA, the Supreme Court has held that it is a "safety net," or "catch-all" provision allowing for "appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp*, 516 U.S. at 512. Moreover, unlike the plaintiffs in *Morley* and *McCoy*, Zahl does not even

7

seek different forms of relief in Count Two and Count Five. Instead, he seeks damages in both, further establishing the impermissibly duplicative nature of the two claims and that § 502(a)(3) is unavailable because he does not seek "additional relief" otherwise not provided for in § 502(a)(1). Zahl's claim in Count Five, which will provide him no relief additional to that which he may receive in Count Two, is dismissed.

## IV. Conclusion

For the foregoing reasons, Cigna's motion to dismiss Counts One, Three, Four and Five of the amended complaint is granted. An appropriate order will be entered.


/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.